IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  SCOTT LEE JOHNSON,  Defendant. | Case No. 3:08-CR-30217-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Scott Lee Johnson (Doc. 261). For the reasons set forth below, the Court denies the motion.

### FACTUAL & PROCEDURAL BACKGROUND

Johnson was charged in 2008 and convicted after a jury trial in 2009 on three counts related to drug trafficking and possession of numerous firearms (Doc. 127). Johnson's Presentence Investigation Report indicated that he had an extensive criminal history, with multiple convictions related to drug trafficking, as well as a conviction for voluntary manslaughter (Doc. 146). The offense conduct that led to Johnson's current conviction occurred while Johnson was on supervised release for a prior offense (*Id.* at 16). Scott was ultimately sentenced to imprisonment for a term of Life, an assessment of $300, and fine of $2,250,000 (Docs. 164, 165).

On September 18, 2020, Johnson filed a motion in this Court seeking

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the Covid-19 pandemic and stating that he has medical conditions including obesity and hypertension, which he argues make him particularly susceptible to Covid-19 (Docs. 261, 266). Johnson further argues that his conduct in prison has been exemplary and that this conduct, together with the difficult circumstances of his childhood, indicate that relevant sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of compassionate release (Doc. 266 at 12-14).

The United States filed a response opposing the Motion on November 25, 2020, arguing that Johnson does not exhibit extraordinary and compelling reasons justifying compassionate release and that the § 3553(a) factors and Johnson's criminal record weigh against release.

## ANALYSIS

### I. Motion for Compassionate Release

*A. Applicable Law*

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Certain courts have stated that in making such a motion, a defendant should bear the burden of showing eligibility for a reduction in sentence. *E.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C.

§ 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

Courts have in certain instances taken it upon themselves, however, to identify non-enumerated grounds constituting extraordinary and compelling reasons for compassionate release, even where the Bureau of Prisons has not done so. *See, e.g.*, *United States v. Halliburton*, 2020 U.S. Dist. LEXIS 102241 at 10 (finding extraordinary reasons where the defendant had underlying health problems in conjunction with the Covid-19 pandemic) (C.D. Ill.); *United States v. Coles*, 2020 U.S. Dist. LEXIS 72327 (C.D. Ill.); *United States v. Lewellen*, 2020 U.S. Dist. LEXIS 90195 at *8 (N.D. Ill.) (Noting court has joined "vast majority" of district courts in looking past "guideposts" of §1B1.13 criteria to construe what constitutes extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i)) (quoting *United States v. Cardena*, No. 09-CR-0332 (-11), slip op. at 6 (N.D. Ill. May 15, 2020) (ECF No. 1890)).

If an inmate can show that one of the eligibility criteria is applicable, the Court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, the Court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

*B. Discussion*

The Court starts by noting that Johnson's obesity and hypertension constitute serious medical conditions from which he is not expected to recover, and that in the context of his incarceration during the Covid-19 pandemic, they substantially diminish his ability to provide self-care. Accordingly, Johnson does exhibit "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A).

The Court's analysis does not end there, however. Rather, the Court must look to the § 3553 factors and examine Johnson's propensity to present a danger to the community. Here, Johnson has served 12 years in prison. While the Court does not necessarily believe that life imprisonment is necessary under § 3553 to reflect the seriousness of the offense and provide deterrence, the Court is not convinced that the time served to date is sufficient for these purposes. The Court notes that Johnson has significant criminal history, including acts of extreme violence. While recidivism rates do tend to decline with age, the fact that Johnson committed the offense conduct resulting in his current incarceration while he was well into his 40s leads the Court to suspect that his advanced age might not prevent a return to his former criminal conduct. Furthermore, given the large numbers of firearms recovered from Johnson upon his arrest, his reckless

flight from law enforcement, and the fact that he was on supervised release for a different federal crime when he committed the offenses for which he is currently incarcerated, the Court must conclude that Johnson may still constitute a danger to the community upon release and that it cannot justify compassionate release in this case at this time.

## CONCLUSION

For these reasons, the Motion for Compassionate Relief (Doc. 261) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 4, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**